UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert E. Bell and Wendy R. Bell,                    Civil No. 05-163 (JMR/FLN)

    Plaintiffs,

v.                                                                            **REPORT AND**
                                                                              **RECOMMENDATION**
R & E Mortgage, Inc., Argent Mortgage Co.
and Ameriquest Mortgage Co.,

    Defendants.

---

Bryan Battina for Plaintiffs.
Scott Strouts for Defendant R & E Mortgage, Inc., and Steve McLaird for Defendants Argent Mortgage Co. and Ameriquest Mortgage Co.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 28, 2005, on Defendants' Motion for Partial Summary Judgment [#11][1]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, this Court recommends Defendants' Motion be granted.

### I.   BACKGROUND

Plaintiffs Robert E. Bell and Wendy E. Bell, an unmarried couple, obtained a mortgage on March 14, 2003, to secure financing to purchase a residence at 13428 288th Avenue, Zimmerman, MN, 55398. (Pl.'s Mem. at 3; Affidavit of Bryan R. Battina ("Battina Aff.") at Ex. 1.) Plaintiffs' obtained the mortgage from Defendant Argent Mortgage Co. with the help of R & E Mortgage Inc,

---

[1] Defendant R & E Mortgage formally moved for Partial Summary Judgment in Docket No. 11. However, Defendants Argent Mortgage Co. and Ameriquest Mortgage Co. appeared at the motion hearing through their counsel, Mr. Steve McLaird, and orally joined in Defendant R & E's Motion for Partial Summary Judgment.

who acted as their mortgage broker. (Pl.'s Compl. at 5-6.)  At some later point in time, Argent Mortgage Co. assigned a portion of the interest in the mortgage to Defendant Ameriquest Mortgage Co. (Pl.'s Compl at 10.)

On April 21, 2003, Plaintiff Wendy R. Bell commenced a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Minnesota, Bankruptcy case number 04-42909. (Battina Aff. Ex. 1.)  Ms. Bell listed the mortgage to the property at 13428 288th Avenue in her bankruptcy schedules. (Battina Aff. Ex. 1.)   However, Ms. Bell did not list or otherwise disclose any claims arising from the March 14, 2003, lending transaction. (Battina Aff. Ex. 1.)  Ms. Bell has never amended her bankruptcy schedules to include any claims arising from the March 14, 2003, lending transaction.  (See Affidavit of Scott Strouts ("Strouts Aff.") at Ex. 4.)  Ms. Bell received her Order for Discharge from the Bankruptcy Court on July 22, 2003. (Strouts Aff. Ex. 5; Battina Aff. at Ex. 2.)  Ms. Bell's Chapter 7 bankruptcy case was closed on October 27, 2003. (Strouts Aff. at Ex. 6; Battina Aff. at Ex. 2.)

Plaintiffs Robert E. Bell and Wendy R. Bell commenced the present litigation on December 1, 2004, by filing a *pro se* Summons and Complaint in Sherburne County District Court, Tenth Judicial District, State of Minnesota.  (See Docket No. 1.)  In their Complaint, Plaintiffs allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601 *et. seq*., the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. Section 2601, *et. seq*., and numerous Minnesota statutory and common law claims. (See Pl.'s Compl. at 12-15.)  On January 26, 2005, Defendants Argent and Ameriquest removed this lawsuit from Sherburne County District Court to this Court pursuant to 28 U.S.C. Sections 1441 and 1446.  (See Docket No. 1.)

Defendants now move for partial summary judgment pursuant to Fed. R. Civ. P. 12(b) and

2

56 on the grounds that Plaintiff Wendy Bell lacks standing and authority to initiate or continue this lawsuit. (Def.'s Mem. in Opp. at 2.) For the reasons articulated below, the Court recommends that Defendants' Motion for Partial Summary Judgment be granted.

## II.   CONCLUSIONS OF LAW

### A.   Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986). Therefore, summary judgment is appropriate when the moving party establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23. For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. Id. at 255. Thus, summary judgment is appropriate when the court has viewed the facts and the inferences drawn from those facts, in a light most favorable to the non-moving party, and found no triable issue. See Southwall Technologies, Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).

### B.   Plaintiff Wendy Bell Lacks Standing To Prosecute the Present Suit

11 U.S.C. §521(1) requires every debtor commencing a Chapter 7 bankruptcy case to file a list of creditors and a schedule of assets and liabilities. 11 U.S.C. §541(a)(1) defines the property

of a debtor's estate to include "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" no matter where the property is located or who is in possession of the property. The property of the debtor's estate includes all "proceeds, product, offspring, rents, or profits of or from the property of the estate." 11 U.S.C. §541(a)(6). The definition of the property of a debtor's estate includes "causes of action existing at the time of the commencement of the bankruptcy action." Pako Corp. v. Citytrust, 109 B.R. 368, 372 (Bankr. D.Minn.1989) (citing Miller v. Shallowford Community Hospital, Inc., 767 F.2d 1556, 1559 (11th Cir.1985) (personal injury claim that existed when debtor filed chapter 7 petition was property of the debtor's estate and would be available to creditors upon petition to reopen).

11 U.S.C. §554(d) states that the "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." 11 U.S.C. §554(c) states that "any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for the purposes of section 350 of this title." In the present case, Defendants' argue that Ms Bell did not disclose or list her claims against Defendants' in her bankruptcy schedules, and hence the claims asserted in the present lawsuit by Ms. Bell are the property of the bankruptcy estate under 11 U.S.C. §541(a).

Ms. Bell argues that her claims are not the property of the bankruptcy estate because she listed the property and mortgage in her bankruptcy schedules. Ms. Bell argues that any assets scheduled in the bankruptcy case that are not administered by the trustee are deemed abandoned to the debtor pursuant to 11 U.S.C. § 554(c). Ms. Bell argues that the Trustee of the bankruptcy estate had knowledge of the mortgage and failed to investigate whether the violations mentioned in the instant lawsuit existed. Ms. Bell further argues that she did not have knowledge of the violations

until well after her bankruptcy had been discharged, and that because of these reasons the trustee has abandoned the causes of action to the debtor pursuant to 11 U.S.C. § 554(c).

The property at issue, the claims in the present case, were never abandoned by the bankruptcy trustee.  Ms. Bell did not disclose or list her claims against the Defendants, nor did she amend her schedules to include these allegedly valuable claims.  These claims are the property of the bankruptcy estate under 11 U.S.C. § 541(a) as the claims arose on March 14, 2003, prior to Ms. Bell's commencement of her Chapter 7 bankruptcy proceedings on April 21, 2003.  Therefore, 11 U.S.C. § 541(a) states that these claims are the property of the bankruptcy estate.

11 U.S.C. § 554(c) states that "any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for the purposes of section 350 of this title."  Since the claims in the present case were never scheduled by Ms. Bell under section 521(1), these claims cannot have been abandoned by the Trustee.  Hence, 11 U.S.C. §554(d) states that "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."  Therefore,

> the property of the estate 'not dealt with' in bankruptcy 'remains *in custodia legis* in the bankruptcy court during the period in which no trustee has been appointed and after the discharge of the trustee . . . The proper procedure to enforce any newly discovered asset neither listed nor abandoned by the debtor in possession is to petition the bankruptcy court to reopen the proceedings under rule 515 to permit the court to decide whether reopening is desirable and, if so, whether the claim is to be administered for the benefit of the creditors or abandoned.  If the claim is to be enforced for the estate, a trustee will be appointed for its enforcement'

Pako Corp., 109 B.R. at 375-76 (quoting Stein v. United Artists Corp., 691 F.2d 885, 893 (9th Cir.1982)).

Since Ms. Bell's claims in the present case were neither abandoned nor administered in her

bankruptcy case, these claims remain the property of the bankruptcy estate. Therefore, if there is a claim in the present case, that claim belongs to the Bankruptcy Trustee. Since the claims, if any exists, belong to the Bankruptcy Trustee, Ms. Bell does not have standing to assert these claims against Defendants, because these claims do not belong to her. See 11 U.S.C. Section 554(d). The Court expresses no opinion on the merits of Ms. Bell's claims. If Ms. Bell wishes to pursue her claims she must notify the Bankruptcy Trustee of the existence of these claims and the Bankruptcy Trustee will decide whether or not to reopen the bankruptcy case and pursue the claims. See Pako Corp., 109 B.R. at 375-76.

### III.     RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion for Partial Summary Judgment be **GRANTED**.


DATED: December 2, 2005                              s/ *Franklin L. Noel*
                                                    FRANKLIN L. NOEL
                                                    United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 21, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 21, 2005** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.